Lehman, J.
The plaintiff herein shipped on the 24th day of November, 1917, sixty-one barrels of wine to New York from Colma, Cal. They were delivered to the plaintiff at New York on the 2d day of January, 1918. The wine was frozen and as a result eighteen barrels were burst and the alcoholic content of the wine in these barrels had apparently leaked out, rendering the wine valueless. The plaintiff thereupon brought this action, alleging in his complaint that the defendant unreasonably delayed the transportation of the wine, and as a result of such delay the wine became valueless. It was shown at the trial that wine freezes when the temperature falls to zero or below, and that at the time the wine arrived in New York the temperature ranged for several days from thirteen degrees below zero to seven degrees below zero, the lowest temperature in New York since accurate records have been kept. There was also proof that ordinarily the freezing of wine does not injure its quality unless the alcoholic content of the wine, which by such freezing is driven to the center of the frozen mass, is permitted to escape from the cask before the whole mass of the wine is melted.
The defendant presented some evidence to show that at the time the wine was shipped, owing to war conditions, there was inevitable delay in the transportation of all goods which were not essential to the conduct of the war and which were not given priority in *182 transportation, and I have grave doubts as to whether this evidence was not sufficient to show that there was no unreasonable delay in the transportation of the wine, but in my view of the case this question need not be considered, because the delay, even if negligent, is not the proximate cause of the injury to the wine. Since the shipment was an interstate shipment, the courts of this state are bound by the Federal decisions in regard to the burden of proof of negligence and whether the negligence of the carrier, if established, constitutes the proximate cause of the damage. Under these decisions “ where the carrier shows that the loss was occasioned by the act of God he has done all that is required. If the shipper then claims that the carrier’s negligence also directly contributed to the injury, he must show that fact.” See Barnet v. New York Central & H. R. R. R. Co., 222 N. Y. 196. If the wine in the present case was frozen by reason of an unprecedented fall in the temperature which the carrier could not reasonably be expected to foresee, it is quite evident that the damage occurred through an act of God, and no delay on the part of the carrier, even if negligent, contributed to this damage. The destruction of the wine by freezing through the act of God differs logically in no respect from the destruction of goods through a flood by the act of God, and in the case of Hadba v. Baltimore & Ohio R. R. Co., 183 App. Div. 557, the court stated: “If the goods were lost or damaged by flood while in route the defendant would not be liable, even though the goods would not have been affected by the flood if the carrier had not been negligent with respect to transporting them; and in such case it has been authoritatively held that the flood, which was the act of God, and not the negligence of the carrier, is the proximate cause of the loss or damages.” It is contended,- however, that *183 in view of the evidence that wine freezes whenever the temperature falls below zero, since such temperature is not so unusual that a carrier could not reasonably be expected to foresee it, the destruction of the wine should not be held to be an act of God. Even if that were true the delay in transporting the wine which is the only ground of negligence urged in this case would still not be the proximate cause of the damage. The delay in transportation would constitute under the authorities a proximate cause of the damage where goods transported within a reasonable time would ordinarily arrive in good condition, and the additional length of time caused by the negligence of the carrier in itself would cause damage to the goods. Such cases, of course, are frequent where perishable goods are transported during the heat of summer, and occur occasionally in transportation for short distances in the cold of winter. In the case of this wine, however, it would appear that the freezing was due not to any long exposure to the cold, but to the fact that it arrived in New York while the weather was at zero or below. It would have sustained the same damage if it had been delivered to the carrier in California twenty-one days before arrival in New York. Except for the delay of the carrier, the goods might not have been in that place at the time when the weather became cold enough to freeze the wine, but under the Federal decisions such delay has been authoritatively held not to be a proximate cause for destruction when the goods are destroyed by a natural phenomenon which could not be foreseen or guarded against, and I can see no possible distinction which would make it a proximate cause for the destruction of the goods through a natural cause, which though perhaps not legally unusual, would have had exactly the same effect if the wine had been in the *184 same place though transported with all possible speed. The fall in temperature was a natural phenomenon which the carrier could not prevent or control. If this fall of temperature was so unusual that the carrier could not be expected to foresee or guard against it, the destruction of the wine was an “ inevitable accident ” or “ act of God ” for which the carrier cannot be held liable; if the carrier should have foreseen that the wine might be exposed to cold sufficient to freeze it and should have guarded against this contingency then the destruction of the wine was not due to an act of God but to the carrier’s negligence. The negligence of the carrier would, however, even in such event, consist not in the delay in transportation which was only a remote cánse of the freezing, but in the transportation of the wine without proper safeguards against a change in temperature which it should have foreseen.
The plaintiff, however, does not in his complaint, at the trial or on this appeal, urge that the defendant was negligent except through delay. The complaint is based upon delay in transportation beyond a reasonable time, and the plaintiff’s attorney in his brief concedes that the defendant would have been absolved from liability “ had the freezing occurred while the shipment was being transported within a reasonable time, and in that case the defendant could not be liable as it would have done all the contract of carriage required of it.” It is not claimed that the defendant was required to place this wine in a heated car or to cover it, and if a reasonably prudent man should have foreseen the danger that the wine might freeze, then it would seem that the damage was caused rather by the negligent act of the shipper in delivering wine in casks which would not withstand the effects of the cold to which they would naturally be subjected than by any neglect of the carrier. Since the wine was frozen *185 by a cause which it is not claimed the defendant could control, and the only negligence claimed is that the defendant unreasonably delayed the transportation of the wine, and since under the authority of the decisions of the federal courts this delay was not the proximate cause of the freezing, we are bound to hold that the carrier is not liable.
Judgment should be reversed, with thirty dollars costs to appellant, and complaint dismissed.
Finch and Mullan, JJ., concur.
Judgment reversed, with thirty dollars costs.